H & L EQUIPMENT, INC., APPELLEE, V. VERLAND
SCHARDT, APPELLANT.

349 N.W.2d 924

Filed June 22, 1984. No. 83-327.

Lyle J. Koenig and Frank J. Daley, Jr., of Germer, Koenig, Murray, Johnson & Daley, for appellant.

Ted S. Griess of Baird and Griess, and Stephen A. Scherr of Whelan, Foote & Scherr, P.C., for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

PER CURIAM.

H & L Equipment, Inc., sued Verland Schardt in an action alternatively seeking replevin of a used truck scale or damages regarding sale of the scale. In addition to his answer to H & L's petition, Schardt counterclaimed, alleging, generally, H & L's nonperformance of the sales contract, and seeking consequential damages regarding the sale. There was evidence adduced by each party in support of their respective contentions. A recital of the conflicting evidence serves no purpose. The trial court resolved the conflict of evidence in favor of H & L, and entered judgment in favor of H & L for replevin and against Schardt on consequential damages regarding the sale. In a law action tried to the court, the findings of the trial court have the effect of a jury

verdict and will not be disturbed on appeal unless clearly wrong. In a nonjury law action the evidence must be considered in the light most favorable to the successful party, with conflicts resolved in favor of the successful party, who is entitled to the benefit of every inference which can be reasonably deduced from the evidence. See *White v. Medico Life Ins. Co.*, 212 Neb. 901, 327 N.W.2d 606 (1982). There is evidence to support the trial court's findings. The findings of the trial court are not clearly wrong. The judgment of the trial court is affirmed.

AFFIRMED.